UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZING INSURANCE, INC., | No. 2:19-cv-01349-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION** |
| MICHAEL A. DiMANNO and ACCUIRE, LLC, | |
| Defendants. | |

This matter is before the Court on Plaintiff Amazing Insurance, Inc.'s (hereafter, "Plaintiff") Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue. (ECF No. 4.) Named Defendants Michael A. DiManno, an individual, and Accuire, LLC, a Florida limited liability company (hereafter, "Defendants"), have not yet appeared. Since the Court's subject-matter jurisdiction over this case is not properly alleged in the underlying Complaint (ECF No. 1), the Court *sua sponte* DENIES Plaintiff's motion (ECF No. 4), and DISMISSES the Complaint (ECF No. 1), both without prejudice.

///
///
///
///

1

## I. Factual and Procedural Background

Plaintiff filed a Complaint on July 18, 2019 alleging breach of contract, breach of fiduciary duties, conversion, and breach of the implied covenant of good faith and fair dealing. (ECF No. 1 ¶¶ 43–64.) The Complaint also requests declaratory relief pursuant to the Declaratory Judgment Act. (ECF No. 1 ¶¶ 36–42.) Concurrent with the filing of its Complaint, Plaintiff filed a motion requesting that the Court issue a temporary restraining order pending a hearing on Plaintiff's request for a preliminary injunction. (ECF No. 4.)

The Complaint alleges that this Court "has jurisdiction to hear this action pursuant to 28 U.S.C. § 1332 because diversity between the parties exists and the amount in controversy is in excess of $75,000." (ECF No. 1 ¶ 4.) In support of this jurisdictional allegation, the Complaint states that Defendant DiManno is "an individual residing in Sacramento County, California" (ECF No. 1 ¶ 2), and that Defendant Accuire, LLC is "a Florida limited liability company currently registered to do business, and actually doing business, in the Eastern District of California, at its principal place of business of 2365 Iron Point Road, Suite 190, Folsom, California, 95630" (ECF No. 1 ¶ 3).

## II. Standard of Law

Federal district courts have subject-matter jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the dispute is between "citizens of different States." 28 U.S.C. § 1332(a). This means that a district court may only exercise diversity jurisdiction over "cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of this required diversity, a natural person's citizenship is determined by the person's state of domicile, not the person's state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Hence, a "person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)). Indeed, a natural person's domicile is distinct from that person's residence because a domicile is the person's "permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

Subject-matter jurisdiction can never be forfeited or waived, and federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). That being said, "[d]efective allegations of jurisdiction may be amended." 28 U.S.C. § 1653; *see also Kanter*, 265 F.3d at 858 ("The district court noted, however, and we agree, that [the defendant] could potentially have cured its defective allegations regarding citizenship by amending its notice of removal.").

### III. ANALYSIS

#### A. Defective Jurisdictional Allegations

Plaintiff's allegations of geographic diversity in the Complaint are insufficient to demonstrate complete diversity of all the parties as required by 28 U.S.C. § 1332. The Complaint speaks only of Defendant DiManno's residence, not his citizenship, because it alleges only that "DiManno is and at all times mentioned herein was, an individual residing in Sacramento County, California." (ECF No. 1 ¶ 2.) While DiManno's residency is a component of his citizenship for purposes of the diversity jurisdiction statute, allegations that refer solely to his residency are insufficient to establish DiManno's legal citizenship. *See Kanter*, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 546 U.S. at 514. But the Court cannot make the determination that subject-matter jurisdiction exists in this case solely on the basis of a pleading that fails to allege the complete diversity of the parties. *See Caterpillar Inc.*, 519 U.S. at 68 (requiring complete diversity of each plaintiff from each defendant for purposes of diversity jurisdiction). The Court will not read into the Complaint jurisdictional allegations that it does not contain, and in declining to do so, joins a long line of cases within the Ninth Circuit. *See, e.g.*, *Mantin v. Broad. Music, Inc.*, 244 F.2d 204, 206 (9th Cir. 1957) ("Residence and citizenship are not the same thing."); *Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("It might well be that a resident of any one state in point of fact may be a citizen of

that or any other state."); *S. Shore Ranches, LLC v. Lakelands Co., LLC*, No. 1:09-cv-105 AWI DLB, 2009 WL 2019858, at *3 (E.D. Cal. July 8, 2009) ("Since Plaintiffs identified a number of natural persons and only stated that those persons 'reside' in a particular state, Plaintiffs have again failed to show their own citizenship.").[1]

B. <u>Leave to Amend Complaint and to Renew Motion for Temporary Restraining Order and Preliminary Injunction</u>

Though Plaintiff fails to meet the threshold requirements to allege the Court's jurisdiction to hear this case pursuant to 28 U.S.C. § 1332, that failure may be cured. *See* 28 U.S.C. § 1653; *Mantin*, 244 F.2d at 206–07 (granting leave to amend where the plaintiff "desire[d] to move this court for leave to amend in this court the jurisdictional allegations of the complaint"). Accordingly, the Court will afford Plaintiff the opportunity to amend the jurisdictional allegations of the Complaint within fourteen days. If Plaintiff avails itself of this chance, the Court will also permit Plaintiff to renew its motion for a temporary restraining order and preliminary injunction.

**IV. CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue (ECF No. 4) is DENIED without prejudice. Plaintiff's Complaint (ECF No. 1) is DISMISSED *sua sponte* with leave to amend within fourteen days of the issuance of this Order.

IT IS SO ORDERED.

Dated: July 23, 2019

Troy L. Nunley
United States District Judge

---

[1] For the sake of completeness, the Court does note that the Complaint requests a declaratory judgment pursuant to 28 U.S.C. § 2201. (*See* ECF No. 1 ¶ 40.) Like its allegations of citizenship, Plaintiff's claim to a declaratory judgment is insufficient by itself to create federal subject-matter jurisdiction in this Court. *Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 852–53 (9th Cir. 2011).