UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZING INSURANCE, INC., | No. 2:19-cv-01349-TLN-CKD |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL A. DIMANNO and ACCUIRE, LLC, | |
| Defendants. | |
| | |
| MICHAEL A. DIMANNO and ACCUIRE, LLC, | |
| Counter-Plaintiffs, | |
| v. | |
| VIKASH JAIN, GERALD D. ANDERTON, KARA CHILDRESS, and ALEX CAMPOS, | |
| Third-Party Defendants. | |

/////

/////

/////

1

Before the court are two motions to compel filed by defendants: (1) a motion to compel production against plaintiff and third-party defendants, and (2) a motion to compel compliance with subpoenas against nonparties. The court heard oral argument via Zoom on September 2, 2020. Angelica Simpson appeared on behalf of plaintiff and third-party defendants, and Maria-Vittoria Carminati appeared on behalf of defendants.[1] Having considered the parties' joint statements and related documents, the court will grant defendants' motions. The court will discuss the two motions separately.

## I. BACKGROUND

On July 18, 2019, plaintiff Amazing Insurance, Inc. filed suit against defendants Michael DiManno and Accuire, LLC.

On September 11, 2019, defendants filed a third-party complaint against Vikash Jain, Gerald Anderton, Kara Childress, and Alex Campos (hereinafter the third-party defendants or "TPD").

On October 23, 2019, the third-party defendants filed a motion to dismiss the third-party complaint. The motion to dismiss was set for hearing on December 5, 2019, but the District Judge took the matter under submission and has not yet issued a ruling.

On December 17, 2019, defendants served its second request for production of documents on Amazing Insurance. Plaintiff's responses were not due until February 5, 2020.[2]

On February 4, 2020, plaintiff asked to extend the response deadline to February 18, 2020. Defendants agreed.

On February 11, 2020, defendants served written discovery requests on the third-party defendants, as well as subpoenas on nonparties Vensure Employer Services, Inc. and Cen Cal

---

[1] Jesse Randolph, the attorney who filed a response to defendants' motion to compel on behalf of the nonparties, did not appear. As such, the nonparties were unrepresented at the hearing. The court has ordered Mr. Randolph to show cause why he should not be sanctioned for failing to appear at the hearing.

[2] The parties did not hold their Rule 26 conference until January 6, 2020, so plaintiff's responses were due thirty days thereafter.

Insurance Services.[3]

On February 20, 2020, plaintiff served responses to defendants' second request for production. But the responses were provided in PDF format and, according to defendants, lacked essential metadata and other electronically stored information (ESI). The parties conferred regarding the missing ESI, and defendants agreed to grant plaintiff additional time to collect and produce the ESI.

On March 31, 2020, defendants extended plaintiff's deadline to produce the ESI to April 15, 2020. April 15, 2020 came and went, but plaintiff did not produce the data.

On April 22, 2020, plaintiff and TPD asked for another deadline extension to May 1, 2020. Defendants agreed that plaintiff could begin producing the ESI on May 5, 2020, but plaintiff failed to meet that deadline as well.

On May 13, 2020, plaintiff's counsel said that he would begin production the next morning, but no production was made.

On May 21, 2020, defendants filed a motion to compel the production of documents from plaintiff and third-party defendants. The hearing was scheduled for June 24, 2020, but because the parties failed to file a Joint Statement in accordance with the Local Rules, the hearing was vacated.

On July 14, 2020, the parties filed a Joint Statement regarding the discovery disagreement. Therein, defendants argue that "plaintiff and third-party defendants have failed to respond to defendants' various discovery requests despite numerous extensions," and that as of July 14, 2020, "no documents have been received." ECF No. 50 at 3-4. Defendants ask the court to find that plaintiff and third-party defendants have waived their objections to defendants' discovery requests, and to order plaintiff and third-party defendants to begin production of documents within 48 hours of the court's order on defendants' motion to compel.

In response, plaintiff argues that it "has responded and timely produced—without waiving objections—hundreds of pages of responsive documents in .pdf format," and that defendants are

---

[3] On May 8, 2020, the nonparties served objections to defendants' subpoenas, but did not produce any documents.

3

1  "now demanding extensive ESI that is not only duplicative of what has already been produced,
2  but also an undue burden on the responding parties" given the COVID-19 pandemic.[4]  Plaintiff
3  and third-party defendants argue that the pandemic has made complying with discovery deadlines
4  "nearly impossible."  Nevertheless, they anticipate producing ESI within the next few weeks, and
5  propose a procedure of rolling production.
6       On August 19, 2020, plaintiff and third-party defendants filed a "response" to defendants'
7  motion to compel, asking the court to rule on third-party defendants' motion to dismiss prior to
8  ruling on defendant's discovery motion.  Third-party defendants argue that producing discovery
9  prior to a ruling on their dispositive motion would be unduly burdensome in both time and
10  expense.  (ECF No. 60.)
11       On August 26, 2020, defendants replied that such a stay would be inequitable, given the
12  ten-month delay in the requesting the stay since the motion to dismiss was filed, and given the
13  fact that defendants have already responded to plaintiff's discovery and that all parties have
14  stipulated to various modifications to discovery deadlines, thereby implicitly agreeing that
15  discovery was underway and would close on a certain date.  (ECF No. 62.)

## II.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  For purposes of discovery, relevance "has been construed broadly to

---

[4] Although plaintiff's responses and objections are not in the record before the court, defendants acknowledge that plaintiff served a response in the form of the .pdf document.  But it is unclear whether third-party defendants timely served any responses or objections to defendants' written discovery requests to third-party defendants.  Unlike plaintiff, the third-party defendants do not argue in the Joint Statement that they served responses or objections, nor are any responses or objections in the record.  Thus, it is unclear whether there was a total failure to respond by third-party defendants.

encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

A party may move for an order compelling production if another party fails to produce documents or allow inspection as requested under Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Further, "a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); see Project Sentinel v. Komar, No. 19-CV-00708 DAD-EPG, 2020 WL 3802785, at *4 (E.D. Cal. July 7, 2020).

The party seeking to compel discovery responses must make a threshold showing that the discovery sought is relevant. See, e.g., Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992). Once relevancy is shown, or if relevancy is plain from the face of the request, the party who is resisting discovery has the burden to show that discovery should not be allowed. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); see Superior Commc'ns v. Earhugger, Inc., 257 F.R.D. 215, 217 (C.D. Cal. 2009) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").

### III. DISCUSSION

**A.    Motion to compel against plaintiff and third-party defendants.**

In their first motion to compel, defendants ask the court to order that (1) plaintiff and third-party defendants have waived their objections to defendants' discovery requests, and (2) plaintiff and third-party defendants must begin producing documents within 48 hours of the court's order on this motion to compel.

i.    Waiver of objections

Defendants seek to have plaintiff's and third-party defendants' objections waived for failing to serve timely responses or objections to their discovery requests. Richmark Corp. v.

1 Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a
2 failure to object to discovery requests within the time required constitutes a waiver of any
3 objection."). In its briefing, plaintiff argues that it timely produced responsive documents without
4 waiving its objections, but fails to attach of copy of its responses and objections as evidence.
5 ECF No. 50 at 4. Defendants argue that plaintiff's responses were untimely. Specifically,
6 defendants contend that plaintiff's responses were initially due on February 5, 2020, and
7 defendants agreed to extend plaintiff's deadline to February 18, 2020. Plaintiff then untimely
8 served its objections on February 20, 2020. At the hearing, plaintiff's counsel did not dispute this
9 timeline or otherwise provide a basis from which this court could find that plaintiff's objections
10 are not waived. Accordingly, plaintiff has waived any objections to defendants' second request
11 for production of documents.

12 As for third-party defendants, they failed to serve any objections to defendants' written
13 discovery requests. At the hearing, counsel for third-party defendants confirmed that no
14 responses or objections were served. Accordingly, third-party defendants have also waived their
15 objections to defendants' written discovery requests.

16     ii.        <u>Ordering the production of documents</u>

17 Although the court finds that plaintiff and third-party defendants have waived their
18 objections, defendants are not automatically entitled to an order compelling the production of
19 discovery. Under the burden-shifting framework applicable to a motion to compel, defendants
20 must make a threshold showing that the discovery sought to be compelled is relevant. See, e.g.,
21 Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992). Here,
22 defendants have not identified specific production requests at issue. Rather, they seek to compel
23 responses to all requests contained in the second request for production to plaintiff and first
24 request for information to third-party defendants. While a relevancy showing for each request
25 served is preferred, defendants have nevertheless made a threshold relevance showing.
26 Defendants have attached copies of each set of discovery requests at issue, and a facial review of
27 the requests suggest that they are relevant to the subject matter of the litigation. Indeed, neither
28 plaintiff nor third-party defendants argue that the requests are irrelevant. Based on the

information and arguments before the court, the court finds that defendants have met their initial burden to establish relevance.

Once relevancy is established, the party who is resisting discovery has the burden to show that discovery should not be allowed. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); see Superior Commc'ns v. Earhugger, Inc., 257 F.R.D. 215, 217 (C.D. Cal. 2009). Here, plaintiff and third-party defendants argue that defendants' demand for ESI creates an undue burden given circumstances created by the COVID-19 pandemic. Specifically, they argue that the ESI sought is duplicative of what has already been produced, and that the logistical hurdles of complying with strict discovery deadlines while working to save their businesses and livelihoods is proving impossible. They further argue that they are working on a rolling production, and that "a court order simply will not change the fact that the parties are already doing everything in their power to comply." ECF No. 50 at 5.

Plaintiff and third-party defendants have not satisfied their burden to show that responding to the discovery requests poses an undue burden. They have not submitted affidavits or other evidence to support their undue burden argument, nor have they submitted summaries or other information about the discovery already produced to establish that the requested ESI would be duplicative or unreasonably cumulative. Accordingly, plaintiff and third-party defendants have not shown that the requested discovery should not be allowed.

iii.     Request to stay discovery pending a ruling on the motion to dismiss.

Plaintiff and third-party defendants also ask the court to refrain from ruling on defendants' discovery motions until the district court decides third-party defendants' motion to dismiss. As an initial matter, such a request is more properly presented to the court through a motion to stay discovery, rather than through a response to a motion to compel. In any event, plaintiff and third-party defendants do not cite any law or authority to support their argument that a stay is appropriate. Finally, the request to stay discovery is being made nearly three months after the motion to compel was first filed. Under these circumstances, the court declines to impose the requested stay.

////

**B.     Motion to compel against nonparties.**

In their second motion to compel, defendants ask this court to overrule Vensure's and Cen Cal's objections to defendants' nonparty subpoenas, and to order the nonparties to produce the subpoenaed documents.[5]  Specifically, defendants argue that the nonparties made improper boilerplate objections to each of the fifteen document requests in the subpoenas, without producing any documents.  In response, the nonparties argue: (1) defendants waived their right to bring the motion to compel; (2) the subpoenas are overbroad; (3) complying with the subpoenas impose an undue expense that should be borne by defendants; and (4) the court should decide the third-party defendants' motion to dismiss before deciding the motion to compel.

Parties may obtain, by subpoena, documents from nonparties.  See Fed. R. Civ. P. 45.  The nonparty respondent may assert objections to the requests.  Fed. R. Civ. P. 45(d)(2)(B).  The objections must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Id.  If an objection is made, then serving party may move the court for the district where compliance is required for an order compelling production.  Id.

   i.     Boilerplate objections

Defendants argue that the nonparties served identical, boilerplate objections to each of the fifteen document requests contained in the subpoenas.  The nonparties' objections provided as follows:

> Cen Cal/Vensure incorporates by reference each of its General Objections, as if set forth fully at this point.
>
> Cen Cal/Vensure further objects to this request for "All Information" on the grounds that the request is vague and ambiguous. Furthermore, Cen Cel/Vensure objects because any information sought is already in the possession of Accuire and therefore, can be discovered through Accuire.
>
> Cen Cal/Vensure similarly objects to this request as it violates Cen Cal's/Vensure's privacy rights and interests, and/or the privacy rights and interests of individuals or entities who are not parties to this litigation. Specifically, Cen Cal/Vensure, a non-party to this suit objects to this request in that it violates the Constitutionally and statutorily protected privacy rights of individuals who are not

---

[5] Defendants filed an affidavit stating that the nonparties refused to assist with completing a Joint Statement.  The nonparties do not dispute this assertion in their response.

8

> represented in this suit.
>
> Cen Cal/Vensure further objects to this request on the grounds that producing the documents would constitute an undue burden on Cen Cal/Vensure, a non-party to the above captioned suit, especially wherein any information sought can be provided by Accuire, a party to this litigation.
>
> Cen Cal/Vensure further objects to this request to the extent it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the request for "Alli Information" is unduly burdensome requesting potentially voluminous and nonspecific amounts of information in violation of Federal Rules of Civil Procedure, Rule 45.
>
> Cen Cal/Vensure further objects to the ESI protocol as listed in the subpoena as unduly burdensome and expensive for a non-party to adequately comply.

ECF No. 55-1 at 4.

Defendants argue that these objections should be overruled because "a respondent to a subpoena cannot merely rely on boilerplate objections which are not properly tailor [sic] to each request." Id. at 3. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999). Some courts have applied the general prohibition against boilerplate objections to nonparty subpoenas issued under Rule 45. See Bofi Fed. Bank v. Erhart, No. 15CV2353 BAS (NLS), 2016 WL 1644726, at *4 (S.D. Cal. Apr. 26, 2016). Objections are typically deemed "boilerplate" when they are identical and not tailored to the specific discovery request. See Makaeff v. Trump Univ., LLC, No. 10-CV-0940-GPC WVG, 2013 WL 990918, at *5 (S.D. Cal. Mar. 12, 2013) ("Plaintiffs asserted boilerplate objections to the subpoenas including, but not limited to, harassing, unduly burdensome, publicly available information, attorney-client privilege, and vague and ambiguous. Their objections were identical for each subpoena.").

Here, the nonparties asserted the same objections against each document request in the subpoenas. The objections are not tailored to the specific requests; they are copied and repeated verbatim. As such, they are boilerplate objections, which are tantamount to no objections at all.

Even if the objections were not found to be boilerplate, the nonparties have the burden to support their objections with evidence, which they have not done. The nonparties have not

submitted any affidavits or other documents to support their objections. Accordingly, the nonparties have not shown that the requested discovery should be disallowed based on their objections.

      ii.      <u>Defendants have not waived their right to bring a motion to compel.</u>

In their response to the motion to compel, the nonparties raise several additional arguments as to why the court should not compel responses to the subpoenas. First, the nonparties argue that although the Federal Rules of Civil Procedure do not set a hard deadline to file a motion to compel compliance with a subpoena, the California Code of Civil Procedure requires a motion to compel be filed within 60 days "after completion of the record of the deposition." ECF No. 63 at 3. This court is not required to apply the procedural, non-substantive law of the state in which it sits. California's Code of Civil Procedure therefore does not apply, and the court declines to view it as "highly persuasive" authority, as the nonparties request. The court finds that defendants have not waived their right to bring this motion to compel.

      iii.      <u>The nonparties have not shown that the subpoenas seek private information.</u>

Second, the nonparties argue in their response that Requests Nos. 11 and 12 seek sensitive information that invade the privacy interests of nonparties. The requests provide as follows:

> <u>Request No. 11</u>: "All bank transactions reflecting payments made by Campos to You, regardless of the basis for such payments or the method of remitting such payments, between January 1, 2017 and December 31, 2019;
>
> <u>Request No. 12</u>: "All bank transactions reflecting payments made by Amazing to You, regardless of the basis for such payments or the method of remitting such payments, between January 1, 2017 and December 31, 2019;

The nonparties take issue with the "regardless of the basis for such payment" portion of the request. They argue that defendants' "ignorance towards the basis for any payments opens the door to a demand to produce private and confidential banking information, regardless of whether it is [relevant]." <u>Id.</u> Thus, the nonparties do not appear to argue that complying with these requests will require the production of sensitive information, but that complying with these requests may open the door for additional requests that may seek private, irrelevant information. The court declines to prohibit the discovery based on a speculative possibility that defendants

may serve overreaching requests in the future.

    iv.    <u>Request No. 13 is overbroad.</u>

Third, the nonparties argue that Request No. 13 is overbroad. The request provides as follows:

> Request No. 13: "All Information (in Native Format) in your possession, custody, and control, exchanged between one or more of any of the following persons: You, Amazing, Campos, Anderton, Childress, and/or Jain, in relation to Accuire and/or DiManno, exchanged between January 1, 2017 and December 31, 2019."

The nonparties argue that the request for "all information" is facially burdensome and "includes everything under the sun." The court agrees that this request is overly broad. Although the request attempts to limit the information sought by only seeking information exchanged between certain individuals, relating to Accuire and/or DiManno, and exchanged between January 1, 2017 and December 31, 2019—it fails to identify the type or category of documents sought. Thus, any and all types of documents could be responsive. Although the nonparties have waived their objections, the court maintains discretion to limit discovery and determine relevance. The court finds that Request for Production No. 13 is overbroad and declines to order the nonparties to respond.

In addition, the nonparties argue that complying with Request No. 13 will create unreasonable expense, which should be shifted to defendants. Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena to the requesting party, if those costs are significant. <u>Legal Voice v. Stormans Inc.</u>, 738 F.3d 1178, 1184 (9th Cir. 2013). Because the court finds that the nonparties are not required to comply with Request No. 13, the court need not decide whether the cost of compliance should be shifted to defendants.

    v.    <u>The court declines to decide third-party defendants' motion to dismiss prior to deciding the motion to compel.</u>

The nonparties argue that the court should rule on the third-party defendants' pending motion to dismiss before ruling on the motions to compel. The nonparties vaguely argue that the ruling on the motion to dismiss "will have major implications on the claims and counterclaims between the parties, as well as the discovery disputes between the parties and non-parties." ECF

No. 63 at 7. The court is unpersuaded by this vague and conclusory argument. As discussed above, the undersigned declines to wait for a ruling on the motion to dismiss before ruling on the motions to compel.

    vi.    <u>The COVID-19 pandemic has caused delays for the nonparties' counsel.</u>

Finally, counsel for the nonparties asks that the court grant additional time to comply with the subpoenas, if it decides to order compliance, because counsel's firm has been particularly hard-hit by the COVID-19 pandemic. Counsel represents that their firm has experienced multiple positive cases of COVID-19, which has "significantly affected their ability to do business and comply with court deadlines." The court will accommodate this request.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel against plaintiff and third-party defendants (ECF No. 44) is GRANTED as follows:

   a. Plaintiff's objections to Defendants' Second Set of Requests for Production are waived. Plaintiff shall begin producing documents responsive to Defendants' Second Set of Requests for Production within 48 hours of the date of this order; and

   b. Third-Party Defendants' objections to the Third-Party Discovery Requests are waived. Third-Party Defendants shall begin producing responses to the Third-Party Discovery Requests within 48 hours of the date of this order.

2. Defendants' motion to compel against the nonparties (ECF No. 55) is GRANTED as follows:

   a. Vensure Employer Services, Inc. and Cen Cal Insurance Services shall produce the documents requested in defendants' subpoenas, except as to Request No. 13, no later than September 25, 2020.

Dated: September 10, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.01349.MTC

12