Benjamin K. Mason (State Bar No. 289066)
Daniel J. Ban (State Bar No. 172521)
**MORLEY MASON, PLC**
2600 W. Geronimo Pl., Ste. 100
Chandler, AZ 85224
Telephone: 480.320.1254
Facsimile: 480.505.0926
bmason@morleymason.com
dban@morleymason.com
documents@morleymason.com
orders@morleymason.com
Attorneys for Amazing Insurance, Inc.
and Third-Party Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZING INSURANCE, INC, a Georgia corporation,<br><br>　　Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>MICHAEL A. DiMANNO, an individual, and ACCUIRE, LLC, a Florida limited liability company,<br><br>　　Defendants/Counterclaim Plaintiffs.<br><br>―――――――――――<br><br>MICHAEL A. DiMANNO, an individual, and ACCUIRE, LLC, a Florida limited liability company,<br><br>　　Counterclaim Plaintiffs,<br><br>v.<br><br>VIKASH JAIN, an individual, GERALD DOUGLAS ANDERTON, an individual, KARA CHILDRESS, an individual, and ALEX CAMPOS, an individual,<br><br>　　Third-Party Defendants. | Case No. 2:19-cv-01349-TLN-CKD<br><br>**CONSENT MOTION TO MODIFY DISCOVERY DEADLINES: ORDER** |

Plaintiff Amazing Insurance, Inc. and Third-Party Defendants (collectively, in this document, "Plaintiff") file the following Consent Motion to Modify Discovery Deadlines:

## INTRODUCTION

The parties' efforts to complete discovery in this case have become much more fruitful over the last several weeks and months, but unfortunately require short extension of the current deadlines in order to be completed. Defendants consent to the relief sought herein.

## PROCEDURAL BACKGROUND

The Court entered an Initial Pretrial Scheduling Order on July 18, 2019 (the "Pretrial Order"). ECF No. 3. The Pretrial Order set a number of discovery deadlines, keyed off trial dates and Answer dates. *Id.* On January 31, 2020, the parties filed a Joint Status Report providing for different discovery deadlines. ECF No. 33. The Court did not adopt or agree to these deadlines; therefore, the governing deadlines were those from the Pretrial Order. The Court then issued ECF No. 43 which set new discovery deadlines in this matter. On December 30, 2020, in response to a Joint Motion to Extend Time to Complete Discovery, the Court issued ECF No. 78, which set new discovery deadlines in this matter. On March 1, 2021, the parties consented to a further extension of discovery deadlines, after which the Court then issued ECF No. 81. On March 31, 2021, the court issued ECF No. 83 which set new discovery deadlines in this matter. On May 10, 2021, the court issued ECF No. 85 which set new discovery deadlines in this matter. On June 25, 2021, the parties consented to a further extension of discovery deadlines, after which the Court issued ECF No. 89, which set new discovery deadlines in this matter. On August 26, 2021, the parties consented to a further extension of discovery deadlines, after which the Court issues ECF No. 93, which set new discovery deadlines in this matter. On November 2, 2021, the parties consented to a further extension of discovery deadlines, after which the Court issued ECF No. 95, which set new discovery deadlines in this matter. On December 6, 2021, the parties consented to a further extension of discovery deadlines, after which the Court issued ECF No. 99, which set new discovery deadlines in this matter. On March 15, 2022, the parties consented to a further extension of discovery deadlines, after which the Court issued ECF No. 103, which set new discovery deadlines in this matter.

## STANDARD OF LAW

This Court has broad discretion to amend to govern the pretrial phase of litigation before it, "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citing *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). As stated by the Court itself, and by case law, the Court can modify its pretrial order on a showing of good cause, "A pretrial order controls the subsequent course of the action unless modified `upon a showing of good cause.'" *Amerisourcebergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1135 n. 1 (9th Cir. 2006) (citing *ElHakem v. BJY Inc.*, 415 F.3d 1068, 1077 (9th Cir.2005); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)), petition for cert. filed, 74 U.S.L.W. 3407 (U.S. Oct. 19, 2005) (No. 05-84); see also *Arsement v. Spinnaker Exploration Co.*, 400 F.3d 238, 245 (5th Cir.2005) ("It goes without saying that a pre-trial order controls the scope and course of trial.. . .").

## ARGUMENT

The parties have exchanged discovery responses, and further supplemental responses are expected. Many of the expected nine (or more) contemplated depositions have been completed, and the parties are actively communicating through counsel and working to accommodate the taking of said depositions. However, a Motion to Consolidate this case with Case no 2:18-cv-02066-TLN-CKD has been filed and set for hearing on 6/16/2022, the outcome of which would modify further the discovery deadlines and responsibilities in this case.

Based on this, Plaintiff and Third-Party Defendants, and Defendants, each through counsel, have agreed that the parties would request an extension of deadlines. Plaintiff therefore respectfully asks the Court to modify the discovery deadlines as follows:

| Deadline | ECF No. 103 | New Deadline Requested by Parties |
|---|---|---|
| Discovery | May 15, 2022 | August 13, 2022 |

| Initial Expert Disclosures | July 15, 2022 | October 13, 2022 |
|---|---|---|
| Supplemental Expert Disclosures | August 14, 2022 | November 12, 2022 |
| Dispositive Motions | September 29, 2022 | December 28, 2022 |

## CONCLUSION

WHEREFORE, Plaintiff prays this Court grant the relief detailed above, as to which all parties consent.

DATED this 10th day of May, 2022.

        MORLEY MASON, PLC

        By: _____
        Benjamin K. Mason
        MORLEY MASON, PLC
        Attorneys for Amazing Insurance, Inc. and
        All Third-Party Defendants

## CERTIFICATE OF CONFERRAL

I certify that, on May 10, 2022, I communicated with John Shoreman, counsel for Defendants, wherein Mr. Shoreman represented to me that Defendants do not oppose the relief sought. Mr. Shoreman confirmed his approval of this filing via email to me on May 10, 2022.

By: _____
Benjamin K. Mason

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2022, I served a true and correct copy of the foregoing via ECF filing email on all counsel of record.

By: _____
Benjamin K. Mason

**IT IS SO ORDERED.**

DATED: May 11, 2022

_____
Troy L. Nunley
United States District Judge