UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>          Plaintiff,<br><br>    v.<br><br>VFORCE INC., et al.,<br><br>          Defendant. | No. 2:18-cv-02066-DAD-CKD<br><br><u>ORDER RELATING CASES, GRANTING DEFENDANT VFORCE INC.'S MOTION TO CONSOLIDATE, AND CONSOLIDATING CASES FOR THE PURPOSE OF PRETRIAL DISCOVERY AND A JOINT TRIAL ON COMMON ISSUES</u><br><br>(Doc. No. 124) |
| VFORCE INC.,<br><br>          Cross-Claimant and<br>          Third-Party Plaintiff,<br><br>    v.<br><br>CORTECH, LLC, et al.,<br><br>          Cross-Defendant and<br>          Third-Party Defendants. | |
| AMAZING INSURANCE, INC.,<br><br>          Plaintiff,<br><br>    v.<br><br>MICHAEL A. DIMANNO, et al.,<br><br>          Defendants. | No. 2:19-cv-01349-DAD-CKD<br><br>(Doc. No. 104) |

1

| | |
|---|---|
| 1 | ACCUIRE LLC, et al., |
| 2 | Counter-Claimants and Third-Party Plaintiffs, |
| 3 | |
| 4 | v. |
| 5 | AMAZING INSURANCE, INC., et al., |
| 6 | Counter-Defendant and Third-Party Defendants. |
| 7 | |

This matter is before the court on the pending motions to consolidate filed by defendant VForce, Inc. ("VForce") on May 6, 2022 in two separate actions pending before the undersigned: *Zurich American Ins. Co. of Illinois v. VForce Inc., et al.*, 2:18-cv-02066-DAD-CKD ("the *Zurich* action") (Doc. No. 124); and *Amazing Ins., Inc. v. DiManno et al.*, 2:19-cv-01349-DAD-CKD ("the *Amazing* action") (Doc. No. 104). The pending motions in each action were taken under submission by the previously-assigned district judge on May 23, 2022.[1] (*Zurich* Doc. No. 126; *Amazing* Doc. No. 108).[2]

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In exercising its discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

---

[1] On August 25, 2022, these case were reassigned to the undersigned. (*Zurich* Doc. No. 132; *Amazing* Doc. No. 112.) The undersigned has endeavored to work through a backlog of inherited submitted motions in civil cases as quickly as possible since returning to the Sacramento courthouse one year ago.

[2] Defendant VForce filed notices of related cases in each action on January 22, 2021 (*Zurich* Doc. No. 84; *Amazing* Doc. No. 79), but the previously-assigned district judge did not relate these actions, perhaps because both cases were already assigned to the same district judge and magistrate judge. A review of the operative complaints, cross-claims, and counter-claims in the *Zurich* and *Amazing* actions reveal that these actions are in fact related under this court's Local Rule 123(a). Accordingly, the undersigned will order that these actions be related and will direct the Clerk of the Court to update the dockets in both actions to reflect that they are related cases.

Defendant VForce filed identical motions in both actions requesting that the court consolidate the *Zurich* and *Amazing* actions for the purposes of joint discovery and a joint trial on common issues. (*Zurich* Doc. No. 124; *Amazing* Doc. No. 110.) Specifically, defendant VForce argues that there are common issues regarding the "existence, scope, performance, and/or enforceability" of a document referred to as the "binding letter of understanding" and the guaranty (indemnity) provision it contains. (*Zurich* Doc. No. 124-1 at 5–6; *Amazing* Doc. No. 110-1 at 5–6). Defendant VForce argues that conducting separate trials in these actions creates substantial risk of inconsistent jury findings and judgments, whereas consolidation for the purposes of trial on these common issues will be more efficient for the court and the parties and will not prejudice any party. (*Id.* at 6–8.) In addition, defendant VForce emphasizes that half of the parties involved in these two actions stipulate to the consolidation it has requested in its motions. (*Id.* at 8.) Defendant attached as an exhibit to its motions a stipulation signed by eight of the sixteen total parties involved in the two actions, including the plaintiff in the *Zurich* action (Zurich American Insurance Company of Illinois) and third-party defendants Alex Campos and Amazing Insurance, Inc.—all of whom are in an adversarial position relative to VForce. (*Zurich* Doc. No. 124-2 at 18–21; *Amazing* Doc. No. 104-2 at 18–21.) That stipulation provides that the signing parties

> stipulate to the consolidation of the *Zurich* Case and *Amazing* Case for the purposes of allowing common discovery going forward and a single trial on the factual issues which are common to the two cases—the existence, scope, performance, and/or enforceability of the Guaranty and/or the Binding Letter of Understanding, as well as any additional matters that may cause Amazing Insurance and/or Alex Campos to be required to indemnify VForce for any additional amounts owed to Plaintiff under Plaintiff's First Amended Complaint.

(*Id.*)

On May 20, 2022, the eight non-stipulating parties, all of whom are represented by the same counsel, filed a response in opposition to the pending motions in both actions. (*Zurich* Doc. No. 125; *Amazing* Doc. No. 107.) In this opposition, the non-stipulating parties argue that there are no common issues of fact in the two actions and consolidation of these cases to be tried by a

/////

1 single jury will cause confusion because the two actions involve distinct and separate alleged civil
2 conspiracies and incidents of fraud.  (*Id.* at 3, 5.)[3]

3       On May 31, 2022, defendant VForce filed reply briefs in each action, emphasizing that
4 "simply because the *Amazing* case may also adjudicate other issues of ownership of various
5 companies, it does not alter the fact that the indemnity under the Binding Letter of Understanding
6 and the Guaranty are fundamental to both the *Zurich* case and the *Amazing* case." (*Zurich* Doc.
7 No. 127 at 4; *Amazing* Doc. No. 109 at 4.)

8       Having considered the parties' respective arguments, the court finds that the above-
9 captioned actions involve the same or similar parties, and common questions of fact or law, and
10 that consolidation will avoid unnecessary costs, duplication of proceedings, and the risk of
11 inconsistent judgments.  Thus, good cause exists to consolidate these cases for the purpose of
12 discovery and for the purpose of trial on the common issues identified by VForce, and as
13 stipulated to by the eight stipulating parties.  Specifically, the common issues with regard to "the
14 existence, scope, performance, and/or enforceability of the Guaranty and/or the Binding Letter of
15 Understanding, as well as any additional matters that may cause Amazing Insurance and/or Alex
16 Campos to be required to indemnify VForce for any additional amounts owed to Plaintiff under
17 Plaintiff's First Amended Complaint." (*Zurich* Doc. No. 124-2 at 21; *Amazing* Doc. No. 104-2 at
18 21.)

19       Accordingly, the court will grant defendant VForce's motions to consolidate and will
20 consolidate the *Zurich* and *Amazing* actions for the purpose of discovery and for the purpose of
21 trial on the common issues identified herein.

22 /////

23 /////

---

[3] The non-stipulating parties also argue that "[c]onsolidating discovery will only give cause for further delay in both cases." (*Zurich* Doc. No. 125 at 5; *Amazing* Doc. No. 107 at 5.)  However, given the passage of time and the parties' repeated requests to modify the scheduling orders issued in the two actions, fact discovery is currently set to close on September 15, 2023—the same date in both cases.  Moreover, the expert discovery deadlines in the two cases are only approximately one month apart.  Accordingly, it does not appear that consolidation of discovery will result in further delay.

For the reasons set forth above:

1. The court hereby relates these two cases: *Zurich American Ins. Co. of Illinois v. VForce Inc., et al.*, 2:18-cv-02066-DAD-CKD and *Amazing Ins., Inc. v. DiManno et al.*, 2:19-cv-01349-DAD-CKD;

2. The Clerk of the Court is directed to update the docket to reflect that the above-referenced cases are related to each other;

3. Defendant VForce's motion to consolidate (Doc. No. 124) filed in *Zurich American Ins. Co. of Illinois v. VForce Inc., et al.*, 2:18-cv-02066-DAD-CKD is granted;

4. Defendant VForce's motion to consolidate (Doc. No. 104) filed in *Amazing Ins., Inc. v. DiManno et al.*, 2:19-cv-01349-DAD-CKD is granted;

5. The court orders that *Zurich American Ins. Co. of Illinois v. VForce Inc., et al.*, 2:18-cv-02066-DAD-CKD and *Amazing Ins., Inc. v. DiManno et al.*, 2:19-cv-01349-DAD-CKD are consolidated for the purposes of discovery and for trial on the common issues identified herein;

6. The scheduling order in the *Zurich* action is modified as follows to conform to the scheduling order in the *Amazing* action:

    a. Expert disclosures shall be completed by 11/14/2023;

    b. Rebuttal expert disclosures shall be completed by 12/14/2023;

    c. Expert discovery shall be completed by 1/15/2024;

    d. All motions, except for motions for continuances, temporary restraining orders or other emergency applications shall be filed no later than 2/29/2024 and shall be noticed for hearing before Judge Drozd on a date not more than 60 days from the date the motion is filed and on a date that is consistent with District Judge Dale A. Drozd's Standing Order;

/////

/////

5

        e.      The Final Pretrial Conference currently set for 7/9/2024 is hereby reset to 8/13/2024 at 01:30 PM before District Judge Dale A. Drozd by Zoom;

        f.      The Jury Trial currently set for 9/9/2024 is hereby reset to 10/16/2024 at 09:00 AM in Courtroom 4 (DAD) before District Judge Dale A. Drozd.

7. Unlike other instances of consolidation in which courts designate a lead case and member case(s) and direct parties to file submissions only in the lead case, in this instance, the parties shall continue using the separate dockets in each case to file documents pertaining to that case;

8. The court hereby sets a status conference for July 16, 2024 at 1:30 p.m. by Zoom, in both actions, to address any particular concerns the parties have with regard to the consolidated trial and the parties' preparation for the final pretrial conference; and

9. The Clerk of the Court is directed to docket this order in both actions: *Zurich American Ins. Co. of Illinois v. VForce Inc., et al.*, 2:18-cv-02066-DAD-CKD and *Amazing Ins., Inc. v. DiManno et al.*, 2:19-cv-01349-DAD-CKD.

IT IS SO ORDERED.

Dated:   **September 8, 2023**

DALE A. DROZD  
UNITED STATES DISTRICT JUDGE