UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZING INSURANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL A. DIMANNO, et al., <br><br> Defendants. | No. 2:19-cv-01349-DAD-CKD <br><br><br> ORDER DIRECTING THE FILING OF SUPPLEMENTAL BRIEFING |
| ACCUIRE LLC, et al., <br><br> Counter-Claimants, <br><br> v. <br><br> AMAZING INSURANCE, INC., et al., <br><br> Counter-Defendants. | |

The court issues this order as a result of its *sua sponte* review of subject matter jurisdiction over this action. Here, subject matter jurisdiction is purportedly founded upon diversity jurisdiction. However, as the court mentioned at the recent Final Pretrial Conference held in this and a consolidated case, it now appears to the court that the parties may not be diverse.

/////

1

1    A review of plaintiff's operative first amended complaint ("FAC") in this action reflects
2 that plaintiff has failed to allege subject matter jurisdiction.  (*See* Doc. No. 6.)  Plaintiff filed its
3 FAC on July 23, 2019, and alleges therein that plaintiff is a citizen of the state of Georgia.  (*Id.* at
4 ¶ 1.)
5    Plaintiff further alleges that defendant Accuire LLC is "a Florida limited liability
6 company, a corporate citizen of Florida, which is currently registered to do business, and actually
7 doing business . . . at its principal place of business" in California.  (*Id.* at ¶ 3.)
8    However, "an LLC is a citizen of every state of which its owners/members are citizens."
9 *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also*
10 *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("A limited liability company
11 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was
12 formed or does business.") (quoting *Johnson*, 437 F.3d at 899); *cf. Johnson*, 437 F.3d at 899 ("By
13 contrast, a corporation is a citizen only of (1) the state where its principal place of business is
14 located, and (2) the state in which it is incorporated.").  Plaintiff alleges in its FAC that at the time
15 of filing the complaint, defendant Accuire LLC was owned by both Michael DiManno—who is
16 alleged by plaintiff to be a citizen of California—and plaintiff.  (*See* Doc. No. 6 at ¶¶ 2, 9.)
17 Plaintiff has thus alleged in its FAC that defendant Accuire, an LLC, is a citizen of both
18 California (based on defendant DiManno's alleged ownership) and Georgia (based upon plaintiff
19 Amazing Insurance, Inc.'s alleged ownership).  Accordingly, under the allegations of plaintiff
20 Amazing Insurance, Inc.'s own complaint, complete diversity between the parties is lacking since
21 both plaintiff Amazing Insurance, Inc. and defendant Accuire LLC are citizens of Georgia.
22    "Defective allegations of jurisdiction may be amended, upon terms, in the trial or
23 appellate courts."  28 U.S.C. § 1653.  This court is skeptical that such amendment is possible
24 here, where the core of plaintiff's allegations—that it owns part of defendant Accuire—appear to
25 preclude the court's exercise of diversity jurisdiction over this action.  It appears to the court that
26 dismissal of this action may therefore be required, regardless of how long this litigation has been
27 pending.  *See Bank of Am., N.A. v. Remington Place Homeowners' Ass'n*, 836 F. App'x 580, 581
28 (9th Cir. 2021) (remanding the action to the district court where the plaintiff had failed to allege

the citizenship of the defendant LLC and noting that "[i]f the district court determines that there was not complete diversity at the time the complaint was filed, it shall dismiss the action"); *Rainero v. Archon Corp.*, 844 F.3d 832, 841 (9th Cir. 2016) ("We recognize that this litigation proceeded for several years before the district court dismissed it for lack of subject matter jurisdiction. If a court lacks subject matter jurisdiction, it is obligated to dismiss the case, regardless of how long the litigation has been ongoing.").

Accordingly, the parties are directed to file supplemental briefing addressing the following issues:

1. The citizenship of Accuire at the time of filing of the complaint;
2. Whether plaintiff's allegations in its first amended complaint are sufficient to provide a basis for this court's subject matter jurisdiction over this action;
3. Whether plaintiff can amend its factual allegations or provide evidence to support the court's exercise of diversity jurisdiction, or any other form of subject matter jurisdiction, over this action;
4. Whether both plaintiff's claim and defendants' counterclaim must be dismissed due to lack of subject matter jurisdiction.

The parties shall each file a supplemental brief addressing these issues within twenty-one (21) days from the date of this order.

IT IS SO ORDERED.

Dated:   **December 18, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE